UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

3:22MJ721 (TOF)

In Re: APPLICATION FOR          :
                                :  ss. Hartford, Connecticut
SEARCH WARRANT                  :
                                :

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT**

I, JESSE NASON, being duly sworn, depose and state as follows:

## I.   INTRODUCTION

1. I have been a United States Postal Inspector since February 2014. I am assigned to the Boston Division, working out of Hartford, CT. Prior to becoming a Postal Inspector, I was a patrol officer for the Wilbraham Police Department within the Commonwealth of Massachusetts. I have obtained Master of Science and Bachelor of Science degrees in Criminal Justice from Anna Maria College. I have participated in numerous investigations of complex drug conspiracies and all stages of illegal narcotics distributions, in violation of 21 U.S.C. §§ 841(a)(1), 843(b) and 846. I have been the affiant on several search warrant applications which have led to the seizure of significant quantities of illegal narcotics, related paraphernalia, and packaging used in the drug trade.

2. I am currently assigned to the USPIS sponsored Narcotics and Bulk Cash Trafficking Task Force (hereinafter "NBCT-TF"), which includes responsibilities for investigating narcotics and illicit proceeds trafficked via the U.S. Mail, along with assaults and robberies of postal employees and robberies and burglaries of postal facilities. The NBCT-TF currently consists of seven Postal Inspectors, detectives from the Hartford, New Britain, Meriden, and Groton Police Departments, a Special Agent from the United States Postal Service ("USPS") Office of Inspector General, and a Criminal Analyst from the Connecticut National Guard.

3. I am a law enforcement officer of the United States within the meaning of Title 18 U.S.C. § 3061 and am empowered by law to conduct investigations and make arrests for offenses enumerated in Title 21 U.S.C. §841(a)(1) and other federal offenses.

4. I have personally been involved in investigations related to the transportation of marijuana, cocaine, and heroin through the U.S. Mail. In fact, based on my training and

experience, I am aware that it is common for individuals to ship such controlled substances through the U.S. Mail.

5. Based upon my training and experience, I know that drug trafficking organizations routinely utilize several operational techniques to sustain their illegal enterprise. These practices are designed and implemented to achieve two paramount goals: first, the successful facilitation of the organization's illegal activities which consist of the importation and distribution of illegal controlled substances and the subsequent repatriation of the proceeds of that illegal activity; and second, minimization of the exposure of organization members, particularly those operating in management roles, from investigation and prosecution by law enforcement.

6. Based on my training and experience in law enforcement, I am familiar with the methods and techniques used by traffickers of illicit narcotics and pharmaceuticals to transport controlled substances via the U.S. Mail and avoid detection by the USPS. I am aware of the techniques utilized by traffickers in order to avoid detection by law enforcement. I am also aware that packages later discovered to contain controlled substances often use fictitious information as it relates to the sender's or recipient's name, or both, while utilizing a legitimate address. This provides individuals associated with the package the ability to disguise their relation to the package but still permit the package to be delivered to a valid address.

7. The information contained in this affidavit is based on my knowledge and experience, the observations I made during the course of this investigation, information conveyed to me by other law enforcement officers, through interviews of witnesses, and the knowledge and experience of my law enforcement colleagues.

8. Because this affidavit is being submitted for the limited purposes of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe establish a violation of federal law, and that evidence of that crime is presently in the package proposed to be searched.

9. Unless stated otherwise:
   a. all communications and other statements of individuals discussed herein are in sum and substance and in pertinent part;
   b. all dates are set forth on or about the approximate date; and
   c. all weights are rounded to the nearest ounce and/or pound and are approximate.

**II.     DESCRIPTION OF THE SUBJECT PARCEL**

10.    Based on the information contained in this affidavit, there is probable cause to believe, and I do believe, that Priority Mail parcel displaying USPS Tracking Number 9505 5110 2702 2192 7325 84, addressed to "Jonathan Pacheco, 284 Kensigton Av Meriden CT 06451" and bearing a return address of "Luis Garcia Urb. Villa Alba Calle 9 G-9 Sabana Grande P.R. 00637" (hereinafter the "SUBJECT PARCEL"), contains evidence of the unlawful possession of controlled substances and/or proceeds derived from the distribution of controlled substances.

11.    On or about July 12, 2022, the SUBJECT PARCEL was identified as a parcel possibly containing a controlled substance and/or proceeds derived from the distribution of controlled substances. The SUBJECT PARCEL weighs approximately 6 lbs and 1 oz and bears $16.10 in postage.



12.    A review of database records indicates that the delivery address on the SUBJECT PARCEL, "284 Kensigton av Meriden Ct. 06541" is most likely 284 Kensington Ave., Meriden, CT 06451 and is an actual address. A check of the law enforcement database CLEAR, which has proven reliable in previous investigations, did return a positive result for "Jonathan Pacheco". The return address on the SUBJECT PARCEL, Urb. Villa Alba Calle 9 G-9, Sabana Grande P.R. 00637, does not appear to be a valid address.

13. On July 15, 2022, the SUBJECT PARCEL was examined by a trained narcotics detection dog. The SUBJECT PARCEL was individually placed among four other similar sized parcels prior to the handler arriving. Upon examination of the parcels, the K9 handler informed Inspector Nason that the canine alerted to the SUBJECT PARCEL. The handler let the area with the canine. The parcels, including the SUBJECT PARCEL, were rearranged in different positions on the floor. The handler and canine were called in again. The K9 handler informed Inspector Nason that the canine alerted to the SUBJECT PARCEL once again.

14. The canine is a two-year-old Labrador retriever named Hawk. Hawk is assigned to Detective Zachary Kashmanian of the Hartford Police Department. Canine Hawk and Detective Kashmanian were certified by the Connecticut State Police in May of 2022, after completing 12 weeks of training and imprinting, in accordance with NESPAC standards. Hawk is certified in the detection of cocaine, crack cocaine, heroin, MDMA, and methamphetamine. Upon locating one of these controlled substances Canine Hawk was trained to sit at the source of the odor. This sit is called a "passive alert". This alert may also indicate items recently contaminated with or associated with the odor of one or more controlled substances. Canine Hawk was certified on the recognition of these odors by the Connecticut State Police Forensic Science Lab on May 6, 2022. Hawk receives quarterly in-service training session in the detection of narcotics. Detective Kashmanian and Hawk also train daily on all the odors that Hawk is trained to detect. Their on-going training averages over 40 hours a month. On-going training includes training in all areas of interdiction, such as vehicles, boats, truck tractor and trailers, people, schools, currency, parcels and mail, airports and airplanes, buses and bus terminals, storage units, residences, trains and train stations, prisons, hotels and motels, apartments, etc. This training includes novel odors, such as odors that are distracting, masking or new. Training includes controlled-negative (blank) testing, in which all objects or locations have no contraband present. Extinction training methods are used to "proof" the dog and prevent him from alerting to common items (such as bags, tins, boxes, etc.) which are commonly associated with controlled substances. Detective Kashmanian maintains daily training logs and these logs are maintained by Detective Kashmanian as well as the Connecticut State Police Canine Unit.

15. Based on the above, there is probable cause to believe, and I do believe, that located within the SUBJECT PARCEL is evidence of a violation of Title 21, United States Code, Sections

841(a)(1), 844 and 846. The SUBJECT PARCEL is presently in the custody of the U.S. Postal Inspection Service Domicile located at 141 Weston St., Hartford, CT 06101.

### III. CONCLUSION

16. WHEREFORE, I respectfully request that a search warrant be issued to search the SUBJECT PARCEL for evidence of illegal narcotics and narcotics proceeds, and for any and all documents or other materials containing evidence of the participants in, and methods and plans of conducting, the suspected narcotics trafficking.

Jesse Nason
Digitally signed by Jesse Nason
Date: 2022.07.19 10:24:18 -04'00'

JESSE NASON
U.S. POSTAL INSPECTOR

Subscribed and sworn to before me by telephone this __19th__ day of July 2022.

Date: 2022.07.19 16:03:44 -04'00'

HONORABLE THOMAS O. FARRISH
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

Priority Mail parcel displaying USPS Tracking Number 9505 5110 2702 2192 7325 84, addressed to "Jonathan Pacheco, 284 Kensigton Av Meriden CT 06451" and bearing a return address of "Luis Garcia Urb. Villa Alba Calle 9 G-9 Sabana Grande P.R. 00637" currently in the custody of the U.S. Postal Inspection Service located at 141 Weston St., Hartford CT 06101.



## ATTACHMENT B

### Particular Things to be Seized

Evidence, fruits, contraband, and instrumentalities of violations of 21 U.S.C. §§ 841(a), 844, and 846 including United States currency and narcotics.